**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGE and CUC WEST,
individuals,                                                            Case No.:

    Plaintiffs,
v.

NAVY FEDERAL CREDIT UNION,
a national credit union,

    Defendant.
_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, GEORGE WEST and CUC WEST (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendant, NAVY FEDERAL CREDIT UNION (hereinafter, "Defendant"). In support thereof, Plaintiffs state:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Plaintiffs are individuals residing in Pinellas County, Florida.

5. At all material times herein, Defendant is a foreign entity existing under the laws of the state of Virginia with its principal place of business located at 820 Follin Lane, Vienna, Virginia 22180.

## FDCPA AND FCCPA STATUTORY STRUCTURE

6. The FCCPA is a state consumer protection statute, modeled after the Fair Debt Collection Practices Act, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

8. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

9. For example, the FDCPA and FCCPA each prohibit a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from communicating directly with a debtor known to be represented by an attorney in an attempt to collect a consumer debt. *See* 15 U.S.C. §§ 1692(c)-(d) and Fla. Stat. §§ 559.72(7) and (18).

## TCPA STATUTORY STRUCTURE

10. Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

11. Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

12. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

13. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

14. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

15. At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

16. At all material times herein, Defendant attempts to collect debts, specifically alleged balances due on credit cards, loan agreement, and an over-drafted checking account referenced by account numbers ending in -1037 (hereinafter "Debt -1037"), -2530 (hereinafter "Debt -2530"), -4538 (hereinafter "Debt -4538") and -7261 (hereinafter "Debt -7261") (hereinafter collectively, the "Debt").

17. At all material times herein, the Debt is consumer debt, resulting from transactions for goods or services and incurred primarily for personal, household, or family use.

18. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

19. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

20. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

22. Defendant made telephone calls, as more specifically alleged below, to Cuc West's cellular telephone number 727-XXX-2275 (hereinafter, "Cellular Telephone") using an automatic

telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

23. Cuc West is the possessor, controller, and regular user of a Cellular Telephone with assigned telephone number 727-XXX-2275.

24. At no time herein did Defendant possess Cuc West's prior express consent to call Cuc West's Cellular Telephone using an ATDS, a PTDS, or an APV.

25. Further, if Defendant contends it did possess such consent at one point in time, Cuc West nonetheless repeatedly revoked any alleged prior existing express consent the moment Cuc West demanded that Defendant cease calling Cuc West's Cellular Telephone and again revoked any alleged prior express consent the moment Cuc West advised Defendant that she was represented by an attorney with respect to the Debt and provided Defendant with said attorney's contact information.

26. Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express consent necessary to place such informational calls to Cuc West's Cellular Telephone using an ATDS, a PTDS, or an APV.

27. On or about May 21, 2018, Plaintiffs, retained Leavengood, Dauval & Boyle, P.A., d/b/a LeavenLaw (hereinafter, "Undersigned Counsel") with respect to their debts generally, including the Debt.

28. On or about May 30, 2018, Undersigned Counsel sent three (3) facsimile transmission to Defendant (hereinafter, the "Faxes of Representation"). Please see attached a true and correct copy of said Faxes of Representation and corresponding fax delivery confirmation sheet labeled as Composite Exhibit "A.".

29. Defendant received the Faxes of Representation.

30. The Faxes of Representation provided Defendant with notice and knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt, provided Defendant with Undersigned Counsel's contact information, requested that Defendant cease communicating with Plaintiffs in an attempt to collect the Debt, and requested that Defendant instead direct such communications to Undersigned Counsel's office.

31. Moreover, the Faxes of Representation explicitly revoked any purported prior existing consent Defendant possessed authorizing Defendant to contact Plaintiffs on their Cellular Telephones using an ATDS, PTDS, or APV via phone calls or text messages.  *See* Ex. A.

32. Despite Defendant receiving the Faxes of Representation, possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs and Undersigned Counsel's contact information, Defendant subsequently continued to attempt to collect the Debt directly from Plaintiffs by sending billing statements, collection letters, and by making phone calls to Cuc West's Cellular Telephone using an ATDS, PTDS, or APV, as further detailed below.

33. Additionally, each of the below-referenced communications directed to Plaintiffs were either initiated by Defendant or were made on Defendant's behalf.

34. On or about June 13, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and Undersigned Counsel's contact information, Defendant sent a collection letter directly to George West in an attempt to collect Debt -4583.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "B."

35. On or about June 8, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing

Undersigned Counsel's contact information, Defendant sent a billing statement for account ending in -2530, directly to George West in an attempt to collect Debt -2530. Please see attached a true and correct copy of said billing statement labeled as Exhibit "C."

36. On or about June 18, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a collection letter directly to George West in an attempt to collect Debt -2530. Please see attached a true and correct copy of said collection letter labeled as Exhibit "D."

37. On or about June 19, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a billing statement directly to Cuc West in an attempt to collect Debt -1037. Please see attached a true and correct copy of said billing statement labeled as Exhibit "E."

38. On or about July 2, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a collection letter directly to Cuc West in an attempt to collect Debt -7261. Please see attached a true and correct copy of said collection letter labeled as Exhibit "F."

39. On or about July 5, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant made at least two (2) calls to Cuc West's Cellular Telephone in an attempt to collect the Debt. Please see a true and correct copy of a screenshot from Cuc West's Cellular Telephone of said phone call labeled as Exhibit "G."

40. Defendant made the immediately-aforementioned telephone calls from telephone number 703.272.2013 using an ATDS, PTDS, or APV. *See* Ex. "G."

41. On or about July 6, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant made at least two (2) calls to Cuc West's Cellular Telephone in an attempt to collect the Debt. *See* Ex. "G."

42. Defendant made the immediately-aforementioned telephone calls from telephone number 703.272.2013 using an ATDS, PTDS, or APV. *See* Ex. "G."

43. On or about July 7, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant made at least two (2) calls to Cuc West's Cellular Telephone in an attempt to collect the Debt. *See* Ex. "G."

44. Defendant made the immediately-aforementioned telephone calls from telephone number 703.272.2013 using an ATDS, PTDS, or APV. *See* Ex. "G."

45. On or about July 8, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant made at least three (3) calls to Cuc West's Cellular Telephone in an attempt to collect the Debt. *See* Ex. "G."

46. Defendant made the immediately-aforementioned telephone calls from telephone number 703.272.2013 using an ATDS, PTDS, or APV. *See* Ex. "G."

47. On or about July 8, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a billing statement, directly to George

West in an attempt to collect -2350 Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "H."

48. On or about July 9, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a collection letter, directly to George West in an attempt to collect -2350 Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "I."

49. On or about July 10, 2018, at approximately 3:39 p.m. E.T., despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant made a call to Cuc West's Cellular Telephone in an attempt to collect the Debt.  Please see a true and correct copy of a screenshot from Plaintiff's Cellular Telephone of said phone call labeled as Exhibit "J."

50. Defendant made the immediately-aforementioned telephone calls from telephone number 703.272.2013 using an ATDS, PTDS, or APV.  *See* Ex. "J."

51. On or about July 19, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a billing statement, directly to Cuc West in an attempt to collect -1037 Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "K."

52. On or about July 23, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a collection letter, directly to Cuc

West in an attempt to collect -1037 Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "L."

53. On or about July 23, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a billing statement, directly to Cuc West in an attempt to collect -7261 Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "M."

54. On or about July 28, 2018, despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant sent a collection letter, directly to Cuc West in an attempt to collect -7251 Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "N."

55. On or about January 23, 2019, Defendant sent an account statement to Undersigned Counsel's office regarding the balances due on Plaintiffs' deposit accounts. Please see attached a true and correct copy of said account statement labeled as Exhibit "O."

56. Defendant's immediately-aforementioned account statement—sent to Undersigned Counsel's Office—shows that Defendant possessed Undersigned Counsel's contact information.

57. On or about February 23, 2019, Defendant sent an account statement to Undersigned Counsel's office regarding the balances due on Plaintiffs' deposit accounts. Please see attached a true and correct copy of said account statement labeled as Exhibit "P."

58. Defendant's immediately-aforementioned account statement—sent to Undersigned Counsel's Office—shows that Defendant possessed Undersigned Counsel's contact information.

59. As a direct result of Defendant's actions, Plaintiffs suffered emotional distress,

anxiety, inconvenience, confusion, and frustration, believing that Plaintiffs' request that Defendant stop contacting Plaintiffs directly regarding the Debt—including via Cuc West's Cellular Telephone—was wholly ineffective, that retaining Undersigned Counsel with respect to the Debt and advising Defendant of the same was wholly ineffective, and that the frequent, repeated Debt collection attempts regarding would simply have to be endured.

60. It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

61. Defendant employed their corporate policy of using an ATDS, a PTDS, or an APV when Defendant made calls to Cuc West's Cellular Telephone in this case in its attempts to collect the Debt.

62. Defendant made calls to Cuc West's Cellular Telephone with no effective way for Cuc West to remove her Cellular Telephone number from Defendant's telephone dialing system and/or text message system.

63. Defendant made telephone calls to Cuc West's Cellular Telephone with no effective way for Defendant to remove the Cellular Telephone number from Defendant's telephone dialing system.

64. Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by using an ATDS, PTDS, or APV to make Defendant cease making calls to Cuc West's Cellular Telephone.

65. Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Cuc West using an ATDS, a PTDS, or an APV, regardless of how many times said individuals request Defendant cease calling a cellular telephone regarding a debt owed to Defendant.

66. Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV despite lacking consumers' prior express consent to do so.

67. Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

68. Based on Defendants' pattern and practice described herein, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendant from continuing its pattern and practice, and to deter such similar future conduct in the Middle District of Florida.

69. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

70. Due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection communications Plaintiffs received from Defendant, Plaintiffs were not able to record the specifics on each and every telephone call, billing statement, and letter that Defendant sent to Plaintiffs.  Plaintiffs assert, however, that the above-referenced communications are but a sub-set of the telephone calls, letters, and billing statements Plaintiffs received from Defendant in violation of the FCCPA and the TCPA.

71. Furthermore, Defendant is in the best position to determine and ascertain the number and methodology of Debt collection communications directed to Plaintiffs.

72. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory

damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to each Plaintiff, should Plaintiffs prevail in this matter against Defendant.

73. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Cuc West's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

74. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Cuc West's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

75. As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through seventy-five (75) as if fully restated herein and further state as follows:

76. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

77. Specifically, despite Plaintiffs' numerous requests that Defendant cease calling Plaintiffs directly regarding the Debt, Defendant repeatedly made calls to Cuc West's Cellular Telephone using an ATDS, PTDS, or APV in July 2018, calling Cuc West *at least* nine (9) times

in its attempts to collect the Debt.

78. Further, despite Plaintiffs advising Defendant that they retained Undersigned Counsel with respect to the Debt and providing Defendant with Undersigned Counsel's contact information, Defendant continued to call Cuc West's Cellular Telephone to collect the Debt.

79. Moreover, despite Defendant possessing actual knowledge that Plaintiffs retained Undersigned Counsel with respect to the Debt and possessing Undersigned Counsel's contact information via the Faxes of Representation, Defendant continued to communicate directly with Plaintiff in an attempt to collect the Debt by collectively sending *at least* five (5) billing statements and *at* least six (6) collection letters directly to Plaintiffs.

80. Defendant's conduct served no purpose other than to annoy, harass, and abuse Plaintiffs into paying the Debt by leading Plaintiffs to believe that Defendant could and would continue to impermissibly and unlawfully communicate directly with Plaintiff in an attempt to collect the Debt—including by using an ATDS, PTDS, or APV to unlawfully make calls to Cuc West's Cellular Telephone—until Plaintiffs made a payment to Defendant on the Debt.

81. Defendant's willful, flagrant and vulgar violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

82. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
<u>**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**</u>

Plaintiffs re-allege paragraphs one (1) through seventy-five (75) as if fully restated herein and further state as follows:

83. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiffs after receiving notice and possessing actual knowledge that Plaintiffs retained Undersigned Counsel with respect to the Debt and after possessing Undersigned Counsel's contact information.

84. Specifically, Defendants possessed actual knowledge that Plaintiff retained Undersigned Counsel with respect to the Debt and possessed Undersigned Counsel's contact information via the Faxes of Representation.

85. Despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiffs with respect to the Debt and Undersigned Counsel's contact information, Defendant subsequently made *at least* nine (9) calls directly to Cuc West's Cellular Telephone and sent *at least* five (5) billing statements and *at least* six (6) collection letters directly to Plaintiffs in an attempt to collect the Debt.

86. As such, Defendant attempted to collect the Debt directly from Plaintiffs, a known represented party in violation of Florida Statutes, Section 559.72(18).

87. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:
TELEPHONE CONSUMER PROTECTION ACT-
<u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>**

Plaintiffs re-allege paragraphs one (1) through seventy-five (75) as if fully restated herein and further state as follows:

88. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS or APV to make a call a telephone number assigned to a cellular telephone service without Cuc West's prior express consent.

89. At no time herein did Defendant possess Cuc West's prior express consent to call Cuc West's Cellular Telephone using an ATDS, a PTDS, and/or an APV.

90. If Defendant contends it possessed such consent, Cuc West revoked any such purported consent via the Faxes of Representation, wherein Cuc West requested that Defendant cease communicating with Plaintiffs regarding the Debt, provided notice of Undersigned Counsel's legal representation of Plaintiffs with respect to the Debt, and explicitly revoked any prior existing consent previously permitting Defendant to lawfully make calls to Cuc West's Cellular Telephone regarding the Debt.

91. Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Cuc West's Cellular Telephone using an ATDS, PTDS, or APV.

92. In July 2018, despite lacking Cuc West's prior express consent and after Plaintiffs requested that Defendants cease contacting them directly regarding the Debt via the Faxes of Representation, Defendant made *at least* nine (9) calls to Cuc West's Cellular Telephone using an ATDS, PTDS, or APV.

93. The phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

94. As a direct and proximate result of Defendant's conduct, Cuc West suffered:

    a. The periodic loss of her Cellular Telephone service and the cost associated therewith;

    b. Lost material costs associated with the use of peak time minutes allotted under her Cellular Telephone service contract; and

      c.      Stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiffs respectfully request an entry of:

      a.      Judgment against Defendant declaring that Defendant violated the FCCPA;

      b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      c.      Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

      d.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      e.      Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

      f.      Actual damages in an amount to be determined at trial;

      g.      An award of attorneys' fees and costs; and

      h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates

safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

      Respectfully submitted,

**LEAVENLAW**

/s/ *Sean E. McEleney*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
[X] **Sean E. McEleney, Esq., FBN 0125561**
☐ **Kelly C. Burke, Esq., FBN 00123506**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF Pinellas )

Plaintiff GEORGE WEST, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
George West

Subscribed and sworn to before me
this 3rd day of Mar. , 2019.

_____
Notary Public

My Commission Expires:      Proof of I.D.: FL DL



## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF _Pinellas_ )

Plaintiff CUC WEST, having first been duly sworn and upon oath, deposes and says as follows:

8. I am a Plaintiff in this civil proceeding.

9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

13. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Cuc West

Subscribed and sworn to before me
this _13th_ day of _Mar._, 2019.

_____
Notary Public

My Commission Expires:   Proof of I.D.: _FL DL_



MARSHA K FOWLER
MY COMMISSION # FF928793
EXPIRES November 11, 2019
(407) 398-0153  FloridaNotaryService.com